UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYDELL JONES, | No. 2:17-0165 CKD P |
| Plaintiff, | |
| v. | ORDER |
| T. WYRICK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**I.    Allegations in the Complaint**

While an inmate at the California Health Care Facility (CHCF) in Stockton plaintiff was assigned to the Enhanced Outpatient Program (EOP) for inmates with severe mental disorders. ECF No. 1 at 13. He also participated in the Inmate Mens Advisory Counsel (*sic*) (IMAC). Id. The allegations in plaintiff's complaint can be grouped into four different categories of claims.

First, plaintiff alleges that he was threatened with the use of pepper spray by defendant Wyrick on November 24, 2015. While the facts and circumstances surrounding this incident are scattered throughout the 34 page complaint, it appears that defendant Wyrick brandished and threatened to pepper spray plaintiff in order to scare him and/or stop him from pursuing inmate grievances and legal advocacy efforts as a member of the IMAC. ECF No. 1 at 11. Defendant Barrett was present during this incident and "just stood there without saying a word." Id. at 23. When threatened with the pepper spray, plaintiff "became scared and confused and started experiencing high physical anxiety and psychiatric post traumatic and emotional distress…." Id. at 24.

In the second category of claims, plaintiff alleges that the shower facilities for all EOPF inmates at CHCF were unsanitary. ECF No. 1 at 7. Specifically, plaintiff contends that they were also being used to "urinate and deficate (*sic*) in and… smelled… and contained smeared residue of feces on the walls." Id.

Third, plaintiff alleges that EOP inmates were issued disciplinary chronos for missing a single treatment session in violation of long-established CDCR regulations. These chronos were placed in plaintiff's C-file and were therefore accessible to the parole board. ECF No. 1 at 8.

In the last category of allegations, plaintiff complains generally about the inmate grievance process. In reviewing grievances pertaining to the November 2015 pepper spray

2

incident, plaintiff alleges that defendants J. Prudhel and J. Barretto willingly colluded and engaged in a "code of silence." ECF No. 1 at 9, 19.

The only common thread linking all of these allegations is the prison in which they occurred. The named defendants include various correctional staff at CHCF including two correctional officers: T. Wyrick and Barrett; a Watch Commander, Lt. J. Prudhel; an Assistant Warden, J. Barretto; and, a Correctional Captain, C. Shirley. Id. at 9, 19.

In his request for relief, plaintiff seeks compensatory, punitive and nominal damages. ECF No. 1 at 32.

**II.     Analysis**

   **A.     Retaliation Claim**

Having conducted the required screening, the court finds that plaintiff's complaint states a valid First Amendment retaliation claim against defendant Wyrick based on conduct that occurred on November 24, 2015.

Plaintiff also alleges that defendant Barrett was present during this pepper spray incident. However, mere presence is not sufficient to establish personal involvement. Jones v. Williams, 297 F.3d 930 (9th Cir. 2002) (declining "to require an instruction that would invite a jury to find all of the officers liable for an alleged constitutional violation merely for being present at the scene of an alleged unlawful act."). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362 (1976), and vague allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, the court will not order service of process on defendant Barrett based on allegations in this complaint.

   **B.     Unsanitary Shower Claim**

To state a claim under the Eighth Amendment's cruel and unusual punishment clause based on the conditions of confinement, a prisoner must first make an objective showing that the deprivation was sufficiently serious. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Secondly, the plaintiff must make a subjective showing that the responsible prison official(s) acted "with a

sufficiently culpable state of mind." Id. "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). When an inmate has been deprived of necessities, "[t]he circumstances, nature and duration of a deprivation... must be considered in determining whether a constitutional violation has occurred." Id. A "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended by, 75 F.3d 448 (9th Cir. 1995)).

Nowhere in plaintiff's complaint does he identify any specific date(s) upon which he was exposed to the unsanitary shower facility. Since plaintiff is currently housed at the California Medical Facility in Vacaville, it is clear that he is no longer exposed to these conditions. Since the duration of the alleged deprivation is not evident from the complaint, plaintiff has failed to state a claim under the Eighth Amendment.

### C. Disciplinary Chronos Claim

The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Plaintiff's claims surrounding the issuance of disciplinary chronos to EOP inmates alleges a violation of CDCR regulations and the Administrative Procedures Act. ECF No. 1 at 8. For this reason, plaintiff's complaint fails to state a claim upon which any relief can be granted.

### D. Grievance Procedure Claim

Prisoners do not have a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment. Furthermore, a "prison official who denies an administrative complaint regarding a constitutional violation that has already occurred is not liable for that underlying constitutional

violation merely because the complaint is denied or ignored. The official cannot be said to have caused a constitutional violation that occurred in the past." Zavala v. Rios, 2010 WL 1948610 * 9 (E.D. Cal. 2010).

Although not entirely clear from the complaint, it appears that several of the defendants are named in the complaint based on their denial of prison grievances pertaining to the November 2015 pepper spray incident. Plaintiff has failed to state a claim against these defendants based on their review of grievances alone.

### III.     Conclusion

At this point, plaintiff has two options:  1) he may either proceed only on the First Amendment retaliation claim against defendant Wyrick; or 2) he may attempt to cure the deficiencies identified above with respect to the remaining claims by filing a first amended complaint.

If plaintiff chooses to amend, plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended pleading complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted thirty days to file a first amended complaint that complies with the terms of this order. If plaintiff chooses not to file an amended complaint within 30 days, this action will proceed only on plaintiff's claim arising under the First Amendment against defendant Wyrick.

Dated: June 8, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jone0165.14